Does the dissent really believe that Justice Jackson [in *Di Re*] was saying that a house search could not inspect *property* belonging to persons found in the house—say a large standing safe or violin case belonging to the owner's visiting godfather? Of course that is not what Justice Jackson meant at all. He was referring *precisely* to that "distinction between property contained in clothing worn by a passenger and property contained in a passenger's briefcase or purse" that the dissent disparages. This distinction between searches of the person and searches of property is assuredly *not* "newly minted . . . ." [*Id.* at 303 n 1 (emphasis in the original).]

The United States Supreme Court has further held that "[s]earch warrants are not directed at persons; they authorize the search of 'place[s]' and the seizure of 'things . . . .' " *Zurcher v Stanford Daily*, 436 US 547, 555 (1978). Therefore, "it is untenable to conclude that property may not be searched unless its [owner] is reasonably suspected of crime and is subject to arrest." *Id.* at 559.

In *People v Coleman*, 436 Mich 124 (1990), this Court held that the search of the defendant's purse did not amount to a search of the defendant's person. In that case, the purse was across the room from the defendant and the defendant was not a "mere casual or transient visitor who happened fortuitously to be on the premises at the time it was subject to a lawful search." *Id.* at 135 (BOYLE, J., concurring).

Defendant was eventually charged with carrying a concealed weapon without a permit. The trial court suppressed evidence of the gun, ruling that the search was illegal, and the Court of Appeals affirmed. *People v Dorsey*, unpublished opinion per curiam of the Court of Appeals, issued November 25, 2008 (Docket No. 280524). The prosecutor argues before this Court that because the purse was not on defendant's person when the police seized it, the purse could be searched because it constituted personal property inside a house that was the subject of a valid search warrant. That is, the search constituted a permissible search of a container in which items specified in the warrant might be found. Because this is a jurisprudentially significant issue, and because the prosecutor has raised thoughtful arguments, I would grant leave to appeal.

CORRIGAN and YOUNG, JJ. We join the statement of Justice MARKMAN.

HATHAWAY, J. (*not participating*). I recuse myself and will not participate in this case as I was the presiding trial judge. See MCR 2.003(B).

WELGOSH V TRI-MOUNT CUSTOM HOMES, INC, No. 138433; Court of Appeals No. 290196.

*Reconsideration Denied April 17, 2009:*

*In re* AUSTIN (DEPARTMENT OF HUMAN SERVICES V AUSTIN), No. 138268. Leave to appeal denied at 483 Mich 903. Court of Appeals No. 285208.